948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 GILILLAND ENERGY CORPORATION, a Utah corporation, Plaintiff, and
Daymon D. Gililland, Plaintiff-Appellant,
v.
UNION TEXAS EXPLORATION CORPORATION, a Delaware corporation;
Unicon Producing Company, a partnership; Enron Producing
Company, a Delaware corporation; KCI Energy Holdings, Inc.,
a Texas corporation, and John Does 1 through 3, Defendants-Appellees.
 No. 91-4043.
 United States Court of Appeals, Tenth Circuit.
 Nov. 26, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Gililland Energy Corporation, through counsel, filed its complaint alleging a well had been negligently plugged. Defendants sought and received summary judgment. Mr. Gililland, the sole shareholder of the corporation, acting pro se, then moved to join himself as a party plaintiff. Mr. Gililland, purporting to act pro se on behalf of himself and the corporation, then moved to set aside the summary judgment. All motions were denied by the district court.
 
 
 3
 Mr. Gililland then filed a Notice of Appeal stating that the corporation and he individually were appealing the order granting summary judgment and "the final Order, dated February 8, 1991."
 
 
 4
 The law is well settled that a corporation may not proceed in court pro se. As no counsel signed the notice of appeal on behalf of the corporation, it is a nullity as to Gililland Energy and we lack jurisdiction. The corporation's attempted appeal is dismissed.
 
 
 5
 The "final Order, dated February 8, 1991," is an order of the district court denying Mr. Gililland's motion to be joined as an additional plaintiff and denying the motion to vacate the summary judgment.
 
 
 6
 We granted Mr. Gililland permission to appeal in forma pauperis.
 
 
 7
 Mr. Gililland, in his pro se brief to this court, raises no issues that merit discussion. He asserts that he, as the sole shareholder, has the power to represent the corporation, and he asserts he is the real party in interest. He argues the summary judgment was factually and legally erroneous.
 
 
 8
 We apply an abuse of discretion standard in reviewing the district court's denial of Mr. Gililland's motion to join as a plaintiff. Mr. Gililland has failed to persuade us that the district court abused its discretion. The law cited to us by Mr. Gililland has no application to the facts of this case.
 
 
 9
 Mr. Gililland, who is not a party to this action, has no standing to appeal the district court's grant of summary judgment, nor may he challenge the district court's Order allowing the corporation's counsel to withdraw.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3